UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TORATIO DEVAL WILLIAMS | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-14-0741 |
| WARDEN THOMAS, | : | (Judge Caldwell) |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

On March 27, 2014, Toratio Deval Williams, a federal inmate housed at United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Williams requests that the court issue a limited writ of habeas corpus so that he may personally appear before the court to file a civil action and criminal complaint against various Bureau of Prisons employees.  (Doc. 1, Pet.)  He also requests to be placed in protective custody as he fears for his safety.  (*Id.*)

For the reasons set forth below, the court will dismiss the petition.

II.   *Standard of Review*

This matter is before the court for screening.  28 U.S.C. § 2243.  The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petition under Rule 1(b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158–59 (M.D. Pa. 1979).

Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus and a civil-rights complaint.  *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004)(per curiam).  "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect."  *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304.  "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."  *Leamer*, 288 F.3d at 542.[1]  In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence."  *Leamer*, 288 F.3d 540.

III.    *Background*

Williams claims Bureau of Prisons (BOP) employees "continue to beat/rough [him] up in handcuffs in the blindspots of the prison (i.e. places where theres (sic) no cameras), throw away [his] legal work, . . . and try to falsify assault charges" against him

---

[1] As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 199, 29 L.Ed.2d 619 (1971), alleging deprivation of a constitutional right.  In other words, actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 801 (3d Cir. 2001).

because they know his sentence will expire in November 2014.  (Doc. 1, Pet, ECF pp. 6-7).  He also claims that staff are retaliating against him after they learned he was preparing to file a civil-rights action with the assistance of the Lewisburg Prison Project against several prison employees.

IV.     *Discussion*

In the instant case, Williams does not seek either a speedier release from prison or a judicial determination that necessarily implies the unlawfulness of his incarceration.  Rather, he seeks his temporary release from prison for the purpose of making a personal appearance before this court to file civil and criminal complaints concerning his conditions of confinement at USP-Lewisburg.  Williams is not attacking his federal sentence as unlawful and is not implicating relief that may alter the length of his confinement.  Thus, he cannot raise his claims via a § 2241 action.  As such, this court lacks habeas jurisdiction.  *See McCall v. Ebbert*, 384 F. App'x 55, 57-58 (3d Cir. 2010)(nonprecedential)(district court properly dismissed a § 2241 petition that challenged a transfer to an increased security level along with conditions of confinement).  Williams' claims are properly classified as conditions-of-confinement claims that would more appropriately be brought in a *Bivens* action.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The court will, therefore, dismiss the petition without prejudice to any right Petitioner may have to assert his claims in a properly filed *Bivens* action.[2]

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  May 12, 2014

---

[2]  The Court expresses no opinion as to the merits, if any, of any civil-rights claim Williams may file based on the facts asserted in the instant petition.